NOT PRECEDENTIAL – NOT FOR PUBLICATION

# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| and ) | |
| THE PEOPLE OF THE VIRGIN ISLANDS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| JAMES A. AUFFENBERG, JR., ) | CRIM. NO. 2007-0047 |
| AUFFENBERG ENTERPRISES OF ) | |
| ILLINOIS, INC., PETER G. FAGAN, ) | |
| JAMES W. FERGUSON, III, J. DAVID ) | |
| JACKSON, KAPOK, INC., KAPOK ) | |
| MANAGEMENT, L.P., ST. CLAIR I, LLC, ) | |
| ST. CLAIR II HOLDINGS VI, LLC, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## MEMORANDUM OPINION

Finch, J.

      THIS MATTER comes before the Court on the Motion to Dismiss Certain Counts of the Superseding Indictment Based on *Res Judicata* (Claim Preclusion) and the Motion to Estop Plaintiff from Relitigating Defendant Auffenberg's Residency and Whether Income was Effectively Connected.  Auffenberg asks the Court to apply principles of *res judicata* to dismiss all or portions of the Superseding Indictment against him and to find certain facts as determined.

      Rule 12(b)(2) of the Federal Rules of Criminal Procedure states that "a party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(2).  Motions related to the doctrine of *res judicata* may be heard pretrial, pursuant to this rule.  United States v. Bhatia, 2007 WL 2554402, at *3 (N.D.

Cal., Sept. 4, 2007).

"*Res judicata*" is the term traditionally used to describe both claim preclusion and issue preclusion, which is also referred to as "collateral estoppel." Baker by Thomas v. General Motors Corp., 522 U.S. 222, 233, n. 5 (1998). Under the doctrine of claim preclusion, a valid final adjudication of a claim precludes a second action on that claim or any part of it. Id. When there is an issue of fact or law, actually litigated and resolved by a valid final judgment, issue preclusion binds the parties in a subsequent action, whether on the same or a different claim. Id. Concepts of *res judicata* are applicable in the federal income tax field. Commissioner of the Internal Revenue v. Sunnen, 333 U.S. 591, 598 (1948).

## I.  Background

James Auffenberg and his wife filed suit in the District Court of the Virgin Islands against the Virgin Islands Bureau of Internal Revenue [hereinafter "VIBIR"] in June 2004 for redetermination of income tax. The VIBIR counterclaimed, alleging that Auffenberg was not entitled to certain income tax reductions pursuant to 29 V.I.C. § 713b and that therefore, Auffenberg owed the VIBIR taxes for the year 2000 plus penalties for failure to file under I.R.C. § 6651(a)(1) and for failure to pay under I.R.C. § 6651(a)(2).

The parties ultimately entered into a Consent Judgment which was entered by the Magistrate Judge. The Consent Judgment stated, in relevant part:

> 1.   [T]his is a civil action involving the income tax laws applicable to the United States Virgin Islands.
>
> 2.   That Petitioner James Auffenberg was a bona fide resident of the United States Virgin Islands at the close of the taxable year 2000. . . .

3	That a portion of Petitioner, James Auffenberg's worldwide income included income which was subject to 26 U.S.C. Section 934(b)(1) because it was attributable to income derived from sources within the United States Virgin Islands or was income effectively connected with the conduct of a trade or business within the United States Virgin Islands.
. . . .

5.	That although James Auffenberg was a bona fide resident of the United States Virgin Islands at the close of the taxable year 2000 and although a portion of his income was subject to 26 U.S.C. Section 934(b)(1) (because it was attributable to income derived from sources within the Virgin Islands or was income effectively connected with the conduct of a trade or business within the Virgin Islands), he was not a resident for the entire taxable year as required by Title 29, Section 713b(3), Virgin Islands Code, as in effect before Act No. 6390, Section 13, V.I. Sess. L. 2000, p.508 (Feb. 1, 2001) for purposes of claiming the reduction in tax pursuant to 26 U.S.C. Section 934(b)(1) and Title 29, Chapter 12, Virgin Islands Code.

6.	That based upon the findings in paragraphs 1 through 5 herein, there are civil deficiencies in income taxes due from Petitioners to Respondent for the taxable year 2000 in the amount of $1,868,014.00 plus statutory interest . . . pursuant to 26 U.S.C. 6601.

7.	That there are no additions to the taxes due from Petitioners set forth in paragraph 6 herein under 26 U.S.C. Section 6651(a)(1) or (a)(2), or under any other penalty section of 26 U.S.C. for the taxable year 2000.
. . . .

10.	That the payment of $1,868,014.00 plus statutory interest as ordered herein fully and finally resolves any and all tax claims of any nature which have been raised or could be raised by Respondent for the taxable year 2000.

	Based upon the foregoing **IT IS FURTHER ORDERED AND ADJUDGED** as follows:
. . . .

	That the Respondent's counterclaims, as set forth in Respondent's First Amended Answer and Counterclaims (Docket No. Civ. No. 2004/0083 are hereby dismissed with prejudice.
. . . .

Auffenberg now stands charged with conspiracy to commit wire fraud and wire fraud in

3

violation of 18 U.S.C. § 371 and 18 U.S.C. § 1343, tax evasion for tax years 2000, 2001, and 2002 in violation of 26 U.S.C. § 7201 and 18 U.S.C. § 2, twelve counts of violating 26 U.S.C. § 7206, consisting of ten counts of filing false income tax returns for tax year 2000, one count of filing a false income tax return for tax year 2001 and one count of filing a false income tax return for tax year 2002, wire fraud in violation of 18 U.S.C. § 1343 and conspiracy to make false statements to the Virgin Islands Economic Development Commission and Bureau of Internal Revenue, which is prohibited by 14 V.I.C. § 843, in violation of 14 V.I.C. § 551.

Auffenberg moves for dismissal of all of the charges of the Superseding Indictment against him as barred under the doctrine of claim preclusion. Auffenberg also asks the Court to find, under the doctrine of issue preclusion, that Auffenberg was a resident of the Virgin Islands from and after 2000, and that his income, from and after 2000, was Virgin Islands source income or income effectively connected with the conduct of a trade or business within the Virgin Islands.

**II.    Claim Preclusion**

> The general rule of *res judicata* applies to repetitious suits involving the same cause of action. It rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations. The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment.

Sunnen, 333 U.S. at 597 (quotation and citation omitted).

"[A] civil action may preclude a later criminal prosecution, but only if both actions are based on the same facts and both have punishment as their object." United States v. Brekke, 97

F.3d 1043, 1047 (8th Cir. 1996).  Courts have found claim preclusion inapplicable when the objective of the civil action was not punishment.  See United States v. Mumford, 630 F.2d 1023, 1027-28 (4th Cir. 1980) (holding that since the civil action was for injunctive relief, the criminal action did not present the same cause of action, and therefore, was not barred by *res judicata*); United States v. Bertucci, 333 F.2d 292, 299 (3d Cir. 1964) (finding no claim preclusion when plaintiffs in civil suit sought equitable remedies related to private rights, while Government sought to punish for their public offenses).  However, a civil action can be similar enough in character to a criminal action to have claim preclusion effect.  See United States v. Cunan, 156 F.3d 110, 120 (1st Cir. 1998) (concluding that *res judicata* bars criminal forfeiture following dismissal with prejudice of prior civil forfeiture proceeding involving same property).

Sanctions for fraudulent attempts to evade taxes may be either criminal or civil. Helvering v. Mitchell,  303 U.S. 391, 399 (1938).  Indeed, "Congress may impose both a criminal and a civil sanction in respect to the same act or omission."  Id.  The Supreme Court has set forth a two-step inquiry to determine whether a particular punishment is criminal or civil:

> Whether a particular punishment is criminal or civil is, at least initially, a matter of statutory construction.  A court must first ask whether the legislature, in establishing the penalizing mechanism, indicated either expressly or impliedly a preference for one label or the other.  Even in those cases where the legislature has indicated an intention to establish a civil penalty, we have inquired further whether the statutory scheme was so punitive either in purpose or effect as to transfor[m] what was clearly intended as a civil remedy into a criminal penalty.

Hudson v. United States, 522 U.S. 93, 99 (1997) (quotations and citations omitted).  "[O]nly the clearest proof will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty."  Id (quotation omitted).

"Additions to tax, like those imposed  for . . .  failure to file timely and to pay timely

5

under section 6651(a)(1) and (2), are remedial, and not punitive.  Such additions to tax are provided primarily as a safeguard for the protection of the revenue and to reimburse the Government for the significant expense of investigation and the loss resulting from a taxpayer's actions or omissions."  Mason v. Commissioner of Internal Revenue, 2001 WL 235434, *4 (T.C., Mar. 9, 2001) (citing Helvering,303 U.S. at 401) (citations and footnote omitted); see United States v. Sabourin, 157 F.2d 820, 821 (2d Cir. 1946);  see also Plunkett v. Commissioner of Internal Revenue, 118 F.2d 644, 650 (1st Cir. 1941) (holding that penalties for failure to file and pay taxes are "not primarily punitive in nature, but an attempt to protect the revenue"); cf. Louis v. Commissioner of Internal Revenue, 170 F.3d 1232, 1234 (9th Cir. 1999) (considering imposition of additional tax for fraud pursuant to 26 U.S.C. § 6653(b) to be civil remedy, rather than criminal punishment).

      Thus, the civil action against Auffenberg did not involve the same cause of action as the present criminal action, in that punishment was not its object.  Therefore, the doctrine of claim preclusion does not bar the criminal action from proceeding.

### III.    Issue Preclusion

      Section 27 of the Restatement (Second) of Judgments states the general rule of issue preclusion:

> When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.

Issue preclusion may apply in a criminal case, even when the prior proceeding was civil in nature.  Yates v. United States, 354 U.S. 298, 335 (1957) (overruled on other grounds);

United States v. Rogers, 960 F.2d 1501, 1507 (10th Cir. 1992); Mumford, 630 F.2d at 1027. "The traditional bar of double jeopardy prohibits the prosecution of the crime itself, whereas collateral estoppel, in a more modest fashion, simply forbids the government from relitigating certain facts in order to establish the fact of the crime." Rogers, 960 F.2d at 1506 (quotation omitted). When the second action is upon a different cause or demand, "the judgment in the prior action operates as an estoppel, not as to matters which might have been litigated and determined, but only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered." Sunnen. 333 U.S. at 598 (quotation omitted). "[T]he parties are free to litigate points which were not at issue in the first proceeding, even though such points might have been tendered and decided at that time. But matters which were actually litigated and determined in the first proceeding cannot later be relitigated. Once a party has fought out a matter in litigation with the other party, he cannot later renew that duel." Id.

"[T]he standard requirements for collateral estoppel, more generally termed issue preclusion, [are] (1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action." Szehinskyj v. Attorney General of U.S., 432 F.3d 253, 255 (3d Cir. 2005) (quotation omitted).

"[T]he general rule [is] that issue preclusion attaches only when an issue of fact or law is actually litigated and determined by a valid and final judgment . . . ." National Ass'n of Letter Carriers, AFL-CIO v. U.S.P.S., 272 F.3d 182, 189 (3d Cir. 2001) (quoting Arizona v. California, 530 U.S. 392, 414 (2000)). However, in the Third Circuit, when the parties' intent is clear, findings of fact in a consent judgment can have preclusive effect:

7

> When the factual findings necessary to a judgment are incorporated into a consent decree, they satisfy the actually litigated element of issue preclusion and are given preclusive effect. We give preclusive effect to issues parties agree to decide by consent decree. In such cases, however, the intent of the parties concerning the preclusive effect of agreed facts or claims is also relevant.

In re Graham, 973 F.2d 1089, 1097 (3d Cir. 1992) (citations omitted). For a judgment to be conclusive with respect to an issue, the parties' agreement must manifest such intention. Restatement (Second) of Judgments § 27, cmt. e.

The parties agreed in paragraph 10 of the Consent Judgment: "That the payment of $1,868,014.00 plus statutory interest as ordered herein fully and finally resolves any and all tax claims of any nature which have been raised or could be raised by Respondent for the taxable year 2000." By referring to "tax claims of any nature," the parties do not make it clear that they intend the Consent Judgment to have any preclusive effect on any criminal charge. "Nowhere in the agreement did the parties mention crimes, criminal actions, prosecution or similar concepts." Brekke, 97 F.3d at 1050. The Court finds that "the consent judgment . . . is too opaque to serve as a foundation for issue preclusion." Arizona, 530 U.S. at 418.

### IV.   Conclusion

Neither the requisites for claim preclusion nor issue preclusion are established in this case. The causes of action in this matter and the earlier civil action are not similar enough in character – in that the civil action's object was remedial, rather than punitive – for claim preclusion to apply. The parties did not explicitly or impliedly express an intent in the Consent Judgment that the factual statements therein would have preclusive effect on any future criminal litigation. Therefore, the doctrine of issue preclusion does not apply. Because, for these reasons

alone, the Court finds that the Consent Judgment has no *res judicata* effect on this action, it does not reach the parties' other contentions.

                                                                               ENTER:

DATE:      February 7, 2008                    _____/s/_____
                                                                                 RAYMOND L. FINCH
                                                                                 DISTRICT JUDGE