NOT PRECEDENTIAL – NOT FOR PUBLICATION

# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA, and THE PEOPLE OF THE VIRGIN ISLANDS, <br><br> Plaintiffs, <br><br> v. <br><br> JAMES A. AUFFENBERG, JR., AUFFENBERG ENTERPRISES OF ILLINOIS, INC., PETER G. FAGAN, JAMES W. FERGUSON, III, J. DAVID JACKSON, KAPOK, INC., KAPOK MANAGEMENT, L.P., ST. CLAIR I, LLC, ST. CLAIR II HOLDINGS VI, LLC, <br><br> Defendants. | CRIM. NO. 2007-0047 |

## MEMORANDUM OPINION

Finch, J.

    THIS MATTER comes before the Court on the Motion to Dismiss Counts 1, 20 and 21 of the Superseding Indictment, pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure. Defendant James A. Auffenberg, Jr. asserts that the Government has failed to plead an essential element of the offense of wire fraud.

    Auffenberg and others face charges of conspiracy to commit wire fraud and wire fraud against the United States in violation of 18 U.S.C. § 1343 in Counts 1 and 20, respectively, and conspiracy to defraud the Virgin Islands Economic Development Commission (EDC) and Bureau of Internal Revenue, which is prohibited under 14 V.I.C. § 843 in Count 21. Auffenberg challenges these charges on the grounds that the alleged scheme to defraud is not a scheme to

deprive another of money or property.

"To prove mail or wire fraud, the evidence must establish beyond a reasonable doubt (1) the defendant's knowing and willful participation in a scheme or artifice to defraud, (2) with the specific intent to defraud, and (3) the use of the mails or interstate wire communications in furtherance of the scheme." United States v. Hedaithy, 392 F.3d 580, 590 (3d Cir. 2004) (quotation omitted). "Additionally, the object of the alleged scheme or artifice to defraud must be a traditionally recognized property right." Id.

The Superseding Indictment describes the scheme as one that "caused the Virgin Islands to lose substantial gross receipt taxes . . . and substantial United States income taxes to which the Virgin Islands was entitled." Superseding Indictment, ¶ 13. The scheme "in like manner caused the United States to lose substantial income taxes which were evaded." Id. Although the Superseding Indictment emphasizes that Defendants made false statements to representatives of the EDC to obtain a beneficiary certificate which granted certain tax reduction benefits, the Court cannot disregard the allegations that the Virgin Islands and United States both lost tax revenues through the successful implementation of that scheme.

The Supreme Court case of Cleveland v. United States, 531 U.S. 12 (2000), upon which Auffenberg relies, is distinguishable in that, although the case similarly involved fraudulent procurement of a license, "the Government nowhere allege[d] that [defendant] defrauded the State of any money to which the State was entitled by law." Id. at 22. Instead, the Supreme Court case of Pasquantino v. United States, 544 U.S. 349 (2004) controls. In Pasquantino, the Court held that uncollected taxes are a valuable entitlement to the taxing authority, and therefore constitute "'property' as that term ordinarily is employed." Id. at 355-56.

Because the Superseding Indictment alleges that the scheme deprived the Virgin Islands and the United States of taxes to which they were entitled, it, in essence, alleges a scheme to deprive another of money or property. Thus, Auffenberg has not shown that any of the elements necessary to prove conspiracy to commit wire fraud or wire fraud are missing from the Superseding Indictment. Therefore, the Court denies Auffenberg's motion to dismiss Counts 1, 20, and 21 of the Superseding Indictment.

ENTER:

DATE:       February 7, 2008            _____/s/_____
                                        RAYMOND L. FINCH
                                        DISTRICT JUDGE