NOT PRECEDENTIAL – NOT FOR PUBLICATION

# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> and <br> THE PEOPLE OF THE VIRGIN ISLANDS, <br><br> Plaintiffs, <br><br> v. <br><br> JAMES A. AUFFENBERG, JR., <br> AUFFENBERG ENTERPRISES OF <br> ILLINIOIS, INC., PETER G. FAGAN, <br> JAMES W. FERGUSON, III, J. DAVID <br> JACKSON, KAPOK, INC., KAPOK <br> MANAGEMENT, L.P., ST. CLAIR I, LLC, <br> ST. CLAIR II HOLDINGS VI, LLC, <br><br> Defendants. | CRIM. NO. 2007-0047 |

## MEMORANDUM OPINION

Finch, J.

      THIS MATTER comes before the Court on Defendant Auffenberg's Motion to Dismiss Indictment for Multiplicity or in the Alternative to Strike Surplusage. According to Auffenberg, the Superseding Indictment charges a single criminal offense in two or more separate counts and contains irrelevant and prejudicial surplusage.

      Auffenberg complains that Counts 2 through 16, 18, 20 and 21 incorporate by reference language at the end of Count 1, stating "[a]ll in violation of 18 U.S.C. § 371 and 2." According to Auffenberg, because of this statutory citation, he is charged with the conspiracy set forth in Count 1, not only in Count 1, but also in each of Counts 2 through 16, 18, 20 and 21.

      The Government responds that the language at the end of Count 1 is the statutory citation

for the conspiracy charged in Count 1, as required pursuant to Fed. R. Crim. P. 7(c)(1), and that it is not incorporated by reference in the other counts. The Court agrees with this reading of the Superseding Indictment. See Fed. R. Crim. P. 2.

Although the various counts of the Indictment incorporate by reference allegations included in Count 1, none of the other counts incorporate paragraph 35, the charging paragraph of Count 1. Furthermore, Auffenberg has not shown that any two of the offenses are the same. Because the evidence required to sustain a conviction on one of the offenses will not be sufficient to warrant a conviction on any other of the offenses, the offenses are not multiplicitous. See Blockburger v. United States, 284 U.S. 299, 304 (1932).

Auffenberg also complains that references in any of the counts to events that occurred after that count's charged act constitute surplusage and must be stricken from the Indictment as irrelevant and prejudicial. Rule 7(d) of the Federal Rules of Criminal Procedure permits the Court to strike surplusage from an indictment. "[U]pon the defendant's timely motion, the court may strike surplusage from the indictment or information when it is both irrelevant (or immaterial) and prejudicial." United States v. Hedgepeth, 434 F.3d 609, 612 (3d Cir. 2006). However, "[m]otions to strike surplusage are rarely granted." Id. at 611.

The Government seeks to introduce Auffenberg's subsequent conduct to show that he "acted willfully in evading tax," presumably pursuant to Rule 404(b) of the Federal Rules of Evidence. Govt.'s Resp. at 3. In the context of a tax evasion prosecution, the court in United States v. McKee, 942 F.2d 477, 480 (8th Cir. 1991) held that evidence of questionable compliance with tax laws occurring both prior and subsequent to the year of the charged tax crime offense were relevant to the issues of intent or absence of mistake under Rule 404(b).

The Court cannot find that the subsequent act allegations are irrelevant without assessing whether the subsequent acts are admissible under Rule 404(b).  In <u>United States v. Nacchio</u>, the court was faced with a motion to strike allegations of the Indictment referring to subsequent events and reasoned as follows:

> In practical effect, Defendant is moving in limine for an order excluding evidence of any acts subsequent to [the charged act].  Indeed, this evidence may prove to be inadmissible or prejudicial, but this determination cannot be made based on a motion to dismiss surplusage from the indictment. It is premature to determine whether the evidence must be stricken from the indictment at this stage of the proceedings. . . . So construed, the motion to strike surplusage from the indictment is best deferred to a later point in the proceedings. Accordingly, this motion will be denied, without prejudice to renewal at a later point in these proceedings.

<u>United States v. Nacchio</u>, 2006 WL 2475282, *4-5  (D. Colo. Aug. 25, 2006).  As expressed in <u>Nacchio</u>, the Court finds that the motion to strike surplusage is premature and will deny the motion without prejudice.

For the foregoing reasons, the Court will not dismiss the Indictment, or any of its counts, on the grounds of multiplicity.  Nor will it strike any portions of the Indictment as surplusage at this time.

ENTER:

DATE:	February 21, 2008	_____/s/_____
	HONORABLE RAYMOND L. FINCH
	DISTRICT JUDGE

3