## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA,     )<br>and     )<br>THE PEOPLE OF THE VIRGIN ISLANDS, )<br>     )<br>     Plaintiffs,     )<br>     )<br>     v.     )<br>     )<br>JAMES A. AUFFENBERG, JR.,     )<br>AUFFENBERG ENTERPRISES OF     )<br>ILLINOIS, INC., PETER G. FAGAN,     )<br>JAMES W. FERGUSON, III, J. DAVID     )<br>JACKSON, KAPOK, INC., KAPOK     )<br>MANAGEMENT, L.P., ST. CLAIR I, LLC, )<br>ST. CLAIR II HOLDINGS VI, LLC,     )<br>     )<br>     Defendants.     )<br>_____) | CRIM. NO. 2007-0047 |

**_____MEMORANDUM OPINION**

Finch, J.

THIS MATTER comes before the Court on the Supplemental Motion of Defendant J. David Jackson to Dismiss Counts of the Superseding Indictment. Jackson challenges the sufficiency of each count with which he is charged.

An indictment is generally deemed sufficient if it (1) contains the elements of the offense intended to be charged (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." United States v. Vitillo, 490 F.3d 314, 321 (3d Cir. 2007) (quotation omitted).

**Count 1 – Conspiracy to Commit Wire Fraud and to Defraud the United States**

Count 1 charges Defendants with a conspiracy to commit wire fraud in violation of 18

U.S.C. § 371 and 2. "To establish a conspiracy to commit wire fraud, the government must prove (1) an agreement between two or more persons (2) to execute a scheme to defraud and (3) the use of either the mails or wire service in furtherance of the scheme." United States v. Ross, 131 F.3d 970, 981 (11th Cir. 1997).

Count 1 also conjunctively charges a conspiracy to defraud the United States. "To sustain its burden of proof on the crime of conspiracy to defraud the United States, the government ha[s] to prove: (1) the existence of an agreement; (2) an overt act by one of the conspirators in furtherance of the objective; and (3) an intent on the part of the conspirators to agree as well as to defraud the United States." United States v. Gambone, 314 F.3d 163, 176 (3d Cir. 2003)

The allegations in Count 1 specifically charge a conspiracy to commit wire fraud and to defraud the United States. According to the Superseding Indictment, Jackson, along with Defendants Peter Fagan and James Ferguson opened a savings account at Chase Manhattan Bank to receive funds mischaracterized as "management fees." Superseding Indictment, ¶ 56. The opening of this bank account constitutes circumstantial evidence of the existence of an agreement among these three authorized signatories. The "management fees" received allegedly were unrelated to any actual services performed within the Virgin Islands. Id., ¶ 40.

Funds were wired from the bank accounts of stateside businesses owned by Kapok Management partners to the Chase Manhattan Bank. See, e.g., id, ¶ 90. In executing the scheme to defraud, more than 90% of the sums wired were returned to the Kapok Management partner as "management fees." See, e.g., id., ¶¶ 91, 101. Each year, Kapok Management falsely reported the "management fees" to the Virgin Islands Bureau of Internal Revenue (BIR) as Kapok Management income, although such "management fees allegedly "were merely part of the

circular flow of funds from and to its limited partners."  Id., ¶ 65.

Finally, the Superseding Indictment charges the requisite *mens rea*.  To convict, the jury will have to find that Defendants knowingly and intentionally conspired and agreed with each other to commit wire fraud or to defraud the United States.  Id., ¶ 35.

Thus, Count 1 sufficiently alleges each of the elements necessary to a conspiracy to commit wire fraud and to defraud the United States.  "[T]here is sufficient factual orientation to permit the defendant to prepare his defense and to invoke double jeopardy in the event of a subsequent prosecution."  United States v. Rankin, 870 F.2d 109, 112 (3d Cir. 1989).

**Counts 2, 3, and 4 – Tax Evasion**

Jackson similarly contends that Counts 2, 3, and 4, alleging tax evasion in violation of 26 U.S.C. § 7201, fail to state the elements of that crime.   "[T]he elements of [§] 7201 are willfulness; the existence of a tax deficiency; and an affirmative act constituting an evasion or attempted evasion of the tax."  Sansone v. United States, 380 U.S. 343, 351 (1965) (citations omitted).

All three counts charge Jackson and others with the "willful attempt to evade and defeat substantial income taxes."  Each count also alleges a tax deficiency; $2,185,394 in Count 2, $3,774,468 in Count 3, and $2,557,278 in Count 4.  Finally, the paragraphs that describe the affirmative acts that constitute a tax evasion are particularly specified for each count.  Thus, Counts 2, 3, and 4 sufficiently allege tax evasion in violation of 26 U.S.C. § 7201.

**Counts 15, 17 and 19 – Aiding and Assisting in a False Tax Return**

Counts 15, 17, and 19 charge Jackson and others with aiding and assisting in a false tax

return in violation of 26 U.S.C. § 7206(2).  Section 7206(2) makes punishable any person who

> willfully aids or assists in, or procures, counsels, or advises the preparation or
> presentation under, or in connection with any matter arising under, the internal
> revenue laws, of a return, affidavit, claim, or other document, which is fraudulent
> or is false as to any material matter, whether or not such falsity or fraud is with the
> knowledge or consent of the person authorized or required to present such return,
> affidavit, claim, or document.

"The essential elements of an offense under section 7206(2) are (1) that defendant aided,

assisted, procured, counseled, advised or caused the preparation and presentation of a return; (2)

that the return was fraudulent or false as to a material matter; and (3) that the act of the defendant

was willful."  United States v. Gambone, 314 F.3d 163, 174 (3d Cir. 2003).

Counts 15, 17, and 19,  repeat the statutory language, alleging that Defendants "did

willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to

the BIR of a United States Individual Income Tax Return."  Of course, "[a]n indictment must

allege more than just the essential elements of the offense."  Vitillo,  490 F.3d at 321.  The first

paragraphs of Counts 15, 17, and 19, incorporate by reference paragraphs 1 through 33 and 36

through 128.  These paragraphs detail the manner in which Jackson and others aided, assisted,

procured, counseled and advised in the preparation and presentation of the subject tax returns.

The Superseding Indictment specifically identifies the material matter making the returns

fraudulent or false.  Each of Counts 15, 17, and 19 state that the returns indicate that Defendant

James A. Auffenberg, Jr. was a bona fide resident of the Virgin Islands, although Defendants

well knew and believed that he was not, and that Auffenberg's distributive share of income was

effectively connected with the conduct of a trade or business within the Virgin Islands, when

Defendants well knew and believed that also to be untrue.   Thus, the elements of § 7206(2) are

sufficiently alleged so that dismissal is not warranted.

Jackson also complains that the Superseding Indictment does not allege any exculpatory facts.  Jackson states:

> [T]he evidence is that all income and expense information was accurately reported thereon, and no examination findings to the contrary are alleged in the Superseding Indictment . . . [T]he Superseding Indictment fails to acknowledge that defendant Jackson merely prepared Forms K-1 accurately reflecting a given entity or partner's distributive shares of income and expenses; and further fails to acknowledge that defendant has no duty to prepare returns or otherwise verify a given partner's claim of EDC benefits.  Further, the Superseding Indictment fails to allege and fails to acknowledge that each partner was instructed to make an independent determination, based upon their own facts and circumstances and the counsel of their own independent tax adviser, regarding whether to claim EDC benefits as a bona fide resident of the Virgin Islands operating a Virgin Island based trade or business.

In <u>United States v. Williams</u>, 504 U.S. 36, 53 (1992), the respondent urged "that courts must require the modern prosecutor to alert the grand jury to the nature and extent of the available exculpatory evidence, because otherwise the grand jury merely functions as an arm of the prosecution."  (quotation omitted).  The Supreme Court rejected this position, holding that the prosecutor has no binding obligation to present exculpatory evidence to the grand jury.  <u>Id.</u> According to the Supreme Court, "requiring the prosecutor to present exculpatory as well as inculpatory evidence would alter the grand jury's historical role, transforming it from an accusatory to an adjudicatory body."  <u>Id.</u> at 51.

Thus, the Superseding Indictment is not subject to dismissal for failure to allege the exculpatory facts that Jackson has presented.  The prosecutor was under no obligation to present such evidence to the grand jury.

**Count 20 – Wire Fraud**

Jackson moves for dismissal of the wire fraud count against him in that it lacks materiality.  "[M]ateriality of falsehood is an element of the federal . . . wire fraud statute[]. Neder v. United States, 527 U.S. 1, 25 (1999).  The other elements are "(1) the existence of a scheme to defraud; (2) the participation by the defendant in the particular scheme with the specific intent to defraud; and (3) the use of . . . wire communications in furtherance of the fraudulent scheme."  United States v. Syme, 276 F.3d 131, 142 (3d Cir. 2002).

Jackson argues that "Count 20 fails to allege the materiality element of the alleged wire fraud.  Instead, it merely recites that funds were transferred from one bank to another bank – a process that is accomplished in millions of financial transactions on a daily basis."  Jackson misconstrues the hold in Neder.  In construing the wire fraud statute in Neder, the Supreme Court held that the falsehood must be material.  Neder, 527 U.S. at 25.  It did not address the character of the wire transfer itself or require that the wire transfer be a material part of the fraud.

In the Third Circuit, it is enough that the wire transfer be part of executing the fraud, or closely related to the scheme.  United States v. Frey, 42 F.3d 795, 798 (3d Cir. 1994).  That the wiring transfer is also related to a valid business purpose or is routine, is not a defense to wire fraud.  Id.

Count 20 alleges that $2,100,000.00 was transferred from a bank account of Defendant St. Clair I, LLC in Illinois to the bank account of Kapok Management in the Virgin Islands. Kapok Management then deposited into the Virgin Islands bank account of Defendant St. Clair II Holdings VI, LLC, $1,976,340.74, which that same day was transferred back to the bank account of St. Clair I, LLC in Illinois.

Count 20 incorporates by reference paragraphs 1 through 33 and 36 through 128 of the Superseding Indictment which describe the scheme to defraud and Jackson's participation in that scheme. The false statements made as part of the scheme to defraud meet the materiality requirement. The wire transfers identified in Count 20 were part of executing the scheme to defraud. Thus, Count 20 sufficiently alleges the offense of wire fraud.

**Counts 25, 28 and 31 – False Tax Return**

Counts 25, 28 and 31 charge Jackson with filing false tax returns in violation of 33 V.I.C. § 1525(1) which subjects to punishment "[w]hoever . . . [w]illfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter." Jackson contends that the elements of the offenses of filing false tax returns are not sufficiently alleged in the Superseding Indictment.

According to Jackson, "[t]he superseding indictment fails to allege that the income is not Virgin Islands sourced income earned for work performed by defendant Jackson or that the income was not earned by Kapok Management, L.P." Jackson's Mot. at 6-7. In fact, Counts 25, 28, and 31, each allege that Jackson "then and there well knew and believed, he was not entitled to a reduction in tax . . . because his distributive share from KAPOK MANAGEMENT was not eligible income from the conduct of an IDC approved trade or business within the Virgin Islands." Superseding Indictment, ¶¶ 177, 183, 189. The paragraphs of the Superseding Indictment incorporated by reference in Counts 25, 28 and 31 explain why Jackson's distributive share allegedly was not eligible income. Each of these three counts also state that Jackson

willfully made and subscribed such returns under penalty of perjury.  Id.

Contrary to Jackson's implied suggestion, the sufficiency of the Superseding Indictment is not evaluated on the strength of Jackson's defenses.  Since the offenses of filing false tax returns are sufficiently alleged in Counts 25, 28 and 31, there is no basis for dismissing these charges.

**Count 35 – Forfeiture**

Jackson objects to Count 35, the forfeiture count, on the grounds that the proceeds subject to forfeiture are not clearly identified.  Rule 7(c)(2) of the Federal Rules of Criminal Procedure provides: "No judgment of forfeiture may be entered in a criminal proceeding unless the indictment or the information provides notice that the defendant has an interest in property that is subject to forfeiture in accordance with the applicable statute."  Rule 32.2 of the Federal Rules of Criminal Procedure echoes this requirement.  Count 35 apprises the Defendants of the property which the Government deems subject to forfeiture, a sum of approximately $16,947,642.85, and the statutory basis for forfeiting this property, 18 U.S.C. § 981(a)(1)(C).  Thus, the forfeiture allegation need not be dismissed.

 Jackson also contends that this sum of money does not meet the definition of "proceeds" in that it is not "property of any kind obtained directly or indirectly, as the result of the commission of the offense giving rise to forfeiture, and any property traceable thereto."  18 U.S.C. § 981(a)(2)(A).  The Government responds that the sum stated in Count 35 of approximately $16,947,642.85 represents the initial fees paid by new limited partners to the promoters of $3,010,000 as alleged in paragraph 14, plus $13,937,642.85, a percentage of the

8

funds mischaracterized as "management fees" retained by the promoters as alleged in paragraph 15 of the Superseding Indictment.

The proceeds are directly traceable to the commission of the offense giving rise to the forfeiture – an alleged scheme to defraud the United States Virgin Islands, its agencies, and the United States.  Without such a scheme, the new partners would not have paid the sum of $3,010,000 to become limited partners in Kapok Management and Kapok Management would not have had the opportunity to retain $13,937,642.85, a percentage of the funds passed through Kapok Management accounts.  This revenue was not derived from the failure to remit taxes as in United States v. Khanani, 502 F.3d 1281, 1296 (11th Cir. 2007), but from the sale of a good in exchange for money: partnership and continued participation in Kapok Management.

For the foregoing reasons, the Court concludes that Defendant J. David Jackson's Supplemental Motion to Dismiss Counts of the Superseding Indictment does not present any grounds warranting dismissal of any of the counts of the Superseding Indictment.


                                        ENTER:


DATE:          February 25, 2008        _____/s/_____
                                        HONORABLE RAYMOND L. FINCH
                                        DISTRICT JUDGE