IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

UNITED STATES OF AMERICA        :        CRIMINAL ACTION
                                :
         v.                     :
                                :
JAMES A. AUFFENBERG, JR.,       :
et al.                          :        NO. 07-47


MEMORANDUM

Bartle, C.J.                                November 12, 2008

        Before the court is the motion of defendants James W.
Ferguson, III ("Ferguson") and J. David Jackson ("Jackson") for
continuance of trial or alternatively for severance of Counts 23
through 27 of the Third Superseding Indictment in this complex
criminal tax case.  Also before us is the motion of defendants
James A. Auffenberg, Jr., Auffenberg Enterprises of Illinois,
Inc., St. Clair I, LLC, and St. Clair II Holdings VI, LLC (the
"Auffenberg defendants") for severance of Counts 20 through 29 of
this Indictment.

        In March, 2007, a grand jury in the Southern District
of Illinois handed down the initial multi-count Indictment
against Ferguson, Jackson, the Auffenberg defendants, Peter G.
Fagan, Kapok, Inc., and Kapok Management, L.P.  The Indictment
contained not only a conspiracy count but also substantive counts
including violations of the Internal Revenue Code.  In July,
2007, the action was transferred to this court.  Shortly after

the transfer, in October, 2007, the government sought and obtained from a grand jury sitting in St. Croix a Superseding Indictment adding, among other counts, violations of certain tax provisions of the Virgin Islands Code.  In March, 2008, that grand jury issued a Second Superseding Indictment with additional factual allegations but with no new charges and no new defendants.  In a subsequent motion to dismiss, defendants argued, among other points, that the counts in the Indictment relying on the phrase "income effectively connected to the conduct of a trade or business within the Virgin Islands," as stated in 26 U.S.C. § 934(b), were void for vagueness.  We agreed, and in August, 2008, we dismissed eleven counts from the Second Superseding Indictment which would have required proof of that element.  See United States v. Auffenberg, Crim. A. No. 07-47, 2008 WL 4115997 (D.V.I. Aug. 26, 2008).  In September, 2008, the government obtained a Third Superseding Indictment containing five new counts and omitting the eleven counts dismissed by the court.  The trial, which is anticipated to last seven or eight weeks, is scheduled to commence on January 12, 2009.

II.

Ferguson and Jackson argue in their motion for continuance that Counts 23 through 27, first added in the Third Superseding Indictment, introduce new legal issues into the ongoing proceedings.  They assert that defendants will not have

-2-

adequate time to research and defend against the new charges before the trial begins.  They concede, however, that the Third Superseding Indictment was "technically permissible."

In Count 23, the government charges defendants Jackson and Kapok Management, L.P. under 29 V.I.C. § 725 with false representation of eligibility for tax benefits made available for regional development purposes by the Virgin Islands Economic Development Commission ("EDC").  The statute reads in pertinent part as follows:

> Any applicant or beneficiary who shall willfully make any false or fraudulent statement or representation as to any fact required or appropriate to the determination of the qualifications of eligibility of such applicant or beneficiary for benefits under this chapter ... or who shall willfully make or present any claim for benefits under this chapter knowing such claim to be false, fictitious or fraudulent, shall be fined not more than $25,000 or imprisoned not more than two years, or both.

No previous indictment had asserted charges under this section of Virgin Islands law.  The government now alleges that defendants violated § 725 when they filed an annual report for the 2004 tax year stating over $36 million in gross sales eligible for tax benefits, at a time when defendants knew that figure wrongly included over $3.2 million in "sham management fees."

Ferguson and Jackson argue that the language used in the Indictment to describe the conduct at issue in Count 23 incorporates new legal terms, such as "gross eligible sales,"

-3-

that will require substantial additional legal research.  They also contend that the allegations contained in Count 23 expand the time period of relevant conduct by defendants into November, 2005 for the first time.

The history of the case does not support defendants' contentions.  "Gross Sales ... Eligible for Tax Benefits" is a line item on the Annual Reports prepared by Jackson and submitted by Kapok Management, LLP to the Virgin Islands Government.  The government listed these particular submissions in the Second Superseding Indictment as potential bases for criminal liability. See Second Superseding Indictment ¶ 64.  The government now alleges that defendants' statements regarding "gross eligible sales" were false simply because those sales constituted "sham transactions" and thus were not "eligible" for purposes of receiving the income tax benefits at issue.  Moreover, defendants have long been on notice that the government's claims are predicated in part upon defendants' submission of allegedly unlawful tax returns in November, 2005 for the 2004 tax year. See id. ¶¶ 35, 64.  We conclude that the introduction of a charge under 29 V.I.C. § 725 in Count 23 does not warrant either a continuance of trial or severance of that count.

We next address Counts 24 through 26 of the Third Superseding Indictment, in which the government alleges that defendants Fagan, Ferguson, and Jackson submitted false tax

-4-

returns for the 2001 tax year in violation of 33 V.I.C.
§ 1525(1).  That provision provides for fines against and
imprisonment of a defendant who "willfully makes and subscribes
any return, statement, or other document, which contains or is
verified by a written declaration that it is made under the
penalties of perjury, and which he does not believe to be true
and correct as to every material matter."  In August, 2008, we
dismissed nine counts brought under this section of Virgin
Islands law because those counts, as pleaded, required proof of a
statutory element which we concluded was void for vagueness.  See
Auffenberg, 2008 WL 4115997, at *17-18.  Ferguson and Jackson
allege that the new counts are likely defective for the same
reasons.  The government responds that it has clarified the legal
theory underlying its charges in a way that avoids the vagueness
issues of the previous Indictment.

        It appears that Counts 24 through 26 of the Third
Superseding Indictment do not suffer from the deficiencies which
plagued the charges brought under 33 V.I.C. § 1525(1) in the
previous versions of the Indictment.  As currently worded, Counts
24 through 26 are predicated upon the same "sham transaction"
theory supporting the longstanding charges in Counts 1 and 20 of
the Indictment that we found to be valid in our Memorandum of
August 26, 2008.  See id. at *7-12, 15.  The new counts do not
incorporate or rely upon the phrase we previously held to be void

-5-

in 26 U.S.C. § 934(b).  We conclude that the charges as presently
set forth under § 1525(1) in the Third Superseding Indictment
present no basis for either continuing the trial or granting a
severance.

In Count 27, the government charges defendants Fagan,
Ferguson, Jackson, Kapok, Inc., and Kapok Management, L.P. with
evasion of gross receipts taxes for the 2002 tax year in
violation of 33 V.I.C. § 1521.  Ferguson and Jackson raise the
same objections as discussed above and also assert that
defendants will "probably" need to obtain a new expert to address
Count 27.  We find these arguments unpersuasive.  Defendants have
been on notice of the "sham transaction" theory underlying this
charge for well over a year.  The question whether Kapok, Inc.
and its principals engaged in transactions devoid of economic
substance solely to obtain tax benefits is at the very heart of
this action.  We will not continue the trial or grant a severance
based on Ferguson's allegations of surprise or unpreparedness
with respect to this charge.

Accordingly, we will deny the motion of Ferguson and
Jackson in its entirety.

### III.

The Auffenberg defendants first argue that we should
sever Counts 20 through 29 of the Third Superseding Indictment
pursuant to Rule 8(b) of the Federal Rules of Criminal Procedure.

-6-

Rule 8(b) allows joinder of counts against multiple defendants in a single criminal indictment only where those defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."  Our Court of Appeals has interpreted this Rule to require a "transactional nexus" underlying the charged offenses.  United States v. Jimenez, 513 F.3d 62, 82-83 (3d Cir. 2008).  It has further stated that "[j]oint trials of defendants named in a single indictment are favored because they 'conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial.'"  Id. at 82 (quoting United States v. Lane, 474 U.S. 438, 449 (1986)).

The Auffenberg defendants contend that here, Counts 20 through 29 overwhelmingly focus on the other defendants, involve offenses against the Government of the Virgin Islands rather than the Government of the United States, and allege conduct not involving the Auffenberg defendants and unknown to them.  We find this argument to be without merit.  The charges arise from a single "series of acts or transactions" in which all defendants are alleged to have participated in and benefitted from a partnership scheme by which they obtained tax credits to which they were not lawfully entitled.  Moreover, the Auffenberg defendants are charged along with all other defendants in the two

counts alleging a conspiracy.  Courts have traditionally
permitted joinder of conspiracy counts along with substantive
counts even where every defendant is not charged in each
substantive count.  See United States v. Sharma, 190 F.3d 220,
230 (3d Cir. 1999).

     The Auffenberg defendants also move to sever Counts 20
through 29 pursuant to Rule 14(a) of the Federal Rules of
Criminal Procedure, which states that "[i]f the joinder of
offenses or defendants in an indictment ... appears to prejudice
a defendant or the government, the court may order separate
trials of counts, sever the defendants' trials, or provide any
other relief that justice requires." Fed. R. Crim. P. 14(a).
The United States Supreme Court has established that a court
should grant severance pursuant to Rule 14 "only if there is a
serious risk that a joint trial would compromise a specific trial
right of one of the defendants, or prevent the jury from making a
reliable judgment about guilt or innocence." Zafiro v. United
States, 506 U.S. 534, 539 (1993).

     There is no evidence that a joint trial of all charges
in this case would compromise specific trial rights of the
Auffenberg defendants or impede the jury's ability to reach a
reliable verdict.  Moreover, as the government points out, we may
tailor specific limiting instructions at trial in the event that
a risk of prejudice later arises.  See id. at 539.

In sum, we will deny the motion of the Auffenberg defendants to sever Counts 20 through 29 of the Third Superseding Indictment.